UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW QUENTMEYER,

    Plaintiff,

v.

WESLEY DONALD DAVIS, JR.,

    Defendant.

No. 2:19-cv-00609 JAM CKD PS

FINDINGS AND RECOMMENDATIONS

Before the court is plaintiff's motion to remand. (ECF No. 5.) Plaintiff's motion came on regularly for hearing on June 26, 2019. Michael Mapes appeared for plaintiff. Defendant appeared and represented himself pro se. Upon review of the documents in support and opposition, the parties' arguments, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.    Background

Plaintiff is the court appointed trustee of the Wesley D. Davis Irrevocable Trust. According to plaintiff, he received this appointment after defendant was removed from office for breach of fiduciary duties. (ECF No. 5 at 2.) Following his appointment, plaintiff was "tasked with distribution of the estate," which required him to "clear liens recorded on the property filed by Defendant and regain possession of real property which was being occupied by Defendant." (Id.) As a result, two legal actions ensued: a petition to expunge a lien and an unlawful detainer

1

complaint.  (Id.; see also ECF No. 1 at 10 (petition for order striking and releasing property based on California Civil Code § 8480); ECF No. 1 at 137 (unlawful detainer complaint).)  Plaintiff is not seeking damages, only possession of real property located in Nevada County, California.  (ECF No. 5 at 3.)

On April 9, 2019, defendant removed plaintiff's petition to expunge and unlawful detainer complaint from Nevada County Superior Court to this court.  (ECF No. 1.)  On May 9, 2019, plaintiff filed a motion to remand under 28 U.S.C. § 1447(c) based on a defect in removal procedure for one of the complaints and lack of jurisdiction for both complaints.  (ECF No. 5.)  Defendant filed an opposition on May 29, 2019 (ECF No. 7), and plaintiff filed a reply on June 18, 2019 (ECF No. 8).

II.     Plaintiff's Motion to Remand

Plaintiff sets forth several arguments in favor of remand.  Plaintiff argues that defendant's removal was improper because no federal question is alleged in either underlying matter.  (ECF No. 5 at 4.)  Plaintiff further argues that defendant failed to timely remove the lien petition within the requisite 30 days, which was served on February 19, 2019; and defendant availed himself to the lien petition proceedings by appearing and contesting the petition.  (Id. at 5.)

Plaintiff requests reimbursement of fees and costs in the amount of $4,410.  (Id.; see also ECF No. 8 at 3, ECF No. 8-1.)

III.    Defendant's Opposition to the Motion to Remand

Defendant makes a number of arguments in support of federal subject matter jurisdiction.  First, defendant argues that Nevada County lacks "territorial jurisdiction" over the removed complaints.  (ECF No. 7 at 2.)  Second, defendant argues that plaintiff "does not dispute the evidence of the certified copy of the grant deed metes and bounds of the physical location upon which the [Nevada County Court] is currently seated."  (Id. at 2–3.)  Although not entirely clear, it appears to the court that defendant's position is that Nevada County has "federal character and status" and therefore federal venue must be "deemed admitted" by plaintiff because the court "conducts its business under the thrust of" a federal employer tax identification number.  (Id.)  Third, defendant argues that the Foreign Sovereignty Immunities Act has been invoked, which

2

provides a remedy prohibiting any state court from adjudicating any claim against a sovereign entity that has invoked the Act. (Id. at 7.) In that regard, defendant claims he has "asserted [his] inherent right as a free born Caucasian descendant of the posterity of the creators of that noble piece of paper that binds the nation states together . . . ." (Id.) Finally, defendant argues that the Nevada County Superior Court and plaintiff's counsel have federal employee tax identification numbers, which confers subject matter jurisdiction over the complaints at issue. (Id. at 10.)

IV. Legal Standard

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

With regard to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal., 463 U.S. 1, 27–28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002). "[T]he presence

or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted).

V. Analysis

There is nothing in either of the complaints defendant removed that establishes federal question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." (citing Phillips Petroleum Co. v. Texaco Inc., 415 U.S. 125, 127–128 (1974) (per curiam))). Both complaints were brought exclusively under state law (see ECF No. 1 at 10 (petition for order striking and releasing property based on California Civil Code § 8480); ECF No. 1 at 137 (unlawful detainer complaint based on California Civil Code § 1940)); and there is no showing that plaintiff's right to relief depends on resolution of a substantial question of federal law. See Franchise Tax Bd., 463 U.S. at 27–28.

In that regard, defendant's arguments all turn on his asserted defenses and position that, *inter alia*, because the Nevada County Superior Court and plaintiff's counsel have federal employer tax identification numbers this somehow confers federal question on plaintiff's complaint. This does not confer jurisdiction. Phillips Petroleum, 415 U.S. at 127–28 ("The federal questions must be disclosed upon the face of the complaint, unaided by the answer. Moreover, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." (quotations and citations omitted)); Franchise Tax Bd., 463 U.S. at 11 ("For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law.").

Defendant has failed to meet his burden of establishing federal jurisdiction and the matter should therefore be remanded.

////

VI.    Plaintiff's Request for Fees and Costs

Finally, plaintiff requests an award of attorney's fees in the amount of $4,410 incurred as a result of the removal. (ECF No. 5 at 6; ECF No. 8 at 3, ECF No. 8-1.)

There is no automatic entitlement to an attorney's fee award on remand. Section 1447(c) provides that the court "may require payment of just costs and . . . attorney fees," making an award discretionary. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). In deciding whether an award is "just" under § 1447(c), the key factor is the propriety of the removal: "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin, 546 U.S. at 136. An objectively reasonable basis for removal may exist where, for example, defendant relies on existing case law, later overturned, supporting removal. Id. at 135. Fees may be denied where defendant's interpretation of the statute authorizing removal was not objectively unreasonable. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066–67 (9th Cir. 2008).

The court finds that an award of fees is not warranted. Defendant removed the complaints without the benefit of counsel and the court cannot conclude that the contours of federal subject matter jurisdiction were obvious to this pro se defendant. Baldini Real Estate, Inc. v. Cruz, No. 15-CV-2932 YGR, 2015 WL 4760510, at *3 (N.D. Cal. Aug. 12, 2015); see also Wilmington Tr., N.A. v. Mobley, No. CV15-2910 CAS AJWX, 2015 WL 3649578, at *3 (C.D. Cal. June 10, 2015) ("The Court cannot conclude that it is objectively unreasonable for a pro se party, lacking basic legal knowledge, to attempt to remove an action to federal court."); Colline v. Alexander, No. 2:14-CV-1245-TLN-KJN, 2014 WL 2527213, at *4 (E.D. Cal. June 2, 2014) (declining to order the payment of costs and expenses in light of the defendant's pro se status).

VII.    Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion to remand (ECF No. 5) be granted. IT IS FURTHER RECOMMENDED that plaintiff's request for fees be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

5

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 quentmeyer00609.remand.f&r